UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE R. NASH,<br><br>        Plaintiff,<br><br>   v.<br><br>WACHOVIA BANK, WELL'S FARGO BANK, EQUIFAX INFORMATION SYSTEM LLC., and DOES 1 to 5, inclusive,<br><br>        Defendants. | No. 2:14-cv-850-MCE-EFB PS<br><br><br>ORDER |

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915. His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

        Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

1  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

1 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
2 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
3 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
4 of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
5 subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
6 *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

7 　　　　The complaint alleges that in January 2008, defendant Wachovia Bank informed Equifax
8 that it had obtained a deficiency judgment against plaintiff in the amount of $7,000.00 for a
9 vehicle that it repossessed from plaintiff.  Compl. ¶ 8.  Plaintiff claims that he first learned about
10 Wachovia Bank's representation to Equifax in May 2008, when plaintiff was in the process of
11 applying for employment.  *Id*. ¶ 9.  Plaintiff contacted Equifax to open an investigation into the
12 matter, and submitted to Equifax documents showing that the deficiency judgment had been
13 discharged in a Chapter 7 Bankruptcy proceeding.  *Id*. ¶¶ 9, 10.  Plaintiff was subsequently
14 informed that Wachovia Bank refused to withdraw its claim regarding the deficiency judgment.
15 *Id*. ¶¶ 10, 11.

16 　　　　The complaint asserts five claims predicated on violations of the Fair Credit Reporting
17 Act ("FCRA") and California Civil Code § 1714.  They include: (1) negligent and (2) willful
18 noncompliance with the FCRA against Wachovia Bank; (3) willful noncompliance with
19 California Civil Code Section 1714; and (4) negligent and (5) willful noncompliance with the
20 FCRA against Equifax.  *Id*. at 8-12.  However, the complaint fails to assert facts sufficient to state
21 a claim.

22 　　　　Plaintiff does not allege facts demonstrating which specific defendant violated which
23 provision of the FCRA.  While plaintiff claims that each defendant failed to comply with the
24 FCRA, he does not identify what particular provision of the FCRA was violated and by whom,
25 nor provide facts supporting showing each alleged violation.  Furthermore, throughout the
26 complaint plaintiff continuously argues that he was injured based on defendants failure to comply
27 /////
28 /////

with the requirements of California Civil Code § 1714. That section, however, pertains to premises liability under California law and has no relevance to any of plaintiff's allegations.[1]

The only specific section of the FCRA plaintiff alleges to have been violated is 15 U.S.C. § 1681b. That section identifies the circumstances under which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b(a). While plaintiff alleges that Equifax violated this section, he does not allege that his credit report was provided to another party for an impermissible purpose. Instead, he relies on his conclusory allegation that Equifax violated this section. This mere conclusion is insufficient to state a claim for relief. *Twombly*, 550 U.S. at 562-563; *see also Botti v. Trans Union LLC*, 2012WL 1595109, at * 3 ("Because the complaint does not identify a specific provision of the FCRA that Defendant violated . . . , Plaintiff has failed to state a cognizable claim under the FCRA"); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1147 (N.D. Cal. April 29, 2005) (partially granting motion for a more definite statement and holding that a "plaintiff must specifically identify which defendants engaged in each alleged violation of the FCRA.").

Therefore, plaintiff's complaint must be dismissed. Plaintiff is granted leave to file an amended complaint to allege, if he can, facts sufficient to demonstrate a legally cognizable claim. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiffs choose to file an amended complaint, the amended complaint must specify a basis for this court's subject matter jurisdiction and clearly set forth the allegations against each defendant. Any amended complaint shall plead plaintiffs' claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which

---

[1] California Civil Code § 1714 provides that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ." Cal. Civ. Code § 1714(a).

4

defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: April 14, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE