1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE R. NASH,                              No. 2:14-cv-850-MCE-EFB PS

12                 Plaintiff,

13        v.                                       FINDINGS AND RECOMENDATIONS

14   WACHOVIA BANK, WELLS FARGO
     BANK, and EQUIFAX INFORMATION
15   SYSTEM LLC., and DOES 1-20,
     inclusive,
16
                  Defendants.
17

18

19            This case was before the court on May 4, 2016, for hearing on defendants Wells Fargo

20   Bank, N.A.[1] ("Wells Fargo") and Equifax Information Services LLC's ("Equifax") motions to

21   dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF Nos.

22   12, 17) and plaintiff Maurice R. Nash's motions for default judgment (ECF Nos. 19, 20).[2]

23   Attorney Adam Barasch appeared on behalf of defendant Wells Fargo and attorney Thomas

24            [1] Plaintiff erroneously sues Wells Fargo as "Wachovia Bank and Wells Fargo Bank."
     ECF No. 13 at 1.  As discussed below, Wells Fargo acquired Wachovia Bank in 2008, and
25   Wachovia Bank is no longer a separate entity and the claims alleged against it must be dismissed
     as duplicative of the claims against Wells Fargo.  Accordingly, this action proceeds against only
26   Wells Fargo and Equifax.

27            [2] This case, in which plaintiff is proceeding *in propria persona*, was referred to the
28   assigned magistrate judge pursuant to Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                    1

1  Quinn appeared on behalf of defendant Equifax.[3]  Plaintiff appeared pro se.  For the following

2  reasons, it is recommended that Equifax's motion to dismiss be granted, Wells Fargo's motion to

3  dismiss be granted in part and denied in part, and plaintiff's motions for default judgment be

4  denied.

5  I.      Background

6          This dispute centers on a vehicle loan on which plaintiff defaulted.  The vehicle was

7  repossessed and sold for a deficiency and Wells Fargo pursued plaintiff for the remaining

8  balance.  The complaint alleges that plaintiff filed a bankruptcy petition in the United States

9  Bankruptcy Court for the Central District of California, which resulted in a discharge on

10 December 2002.  ECF No. 5 ¶ 6; Wells Fargo's Req. Judicial Notice ("RJN") Exs. A-C.[4]

11 Plaintiff claims that he subsequently received a letter on behalf of Wells Fargo demanding

12 payment in the amount of $7,000, which allegedly represents the remaining balance he owed

13 Wells Fargo on a loan to purchase a vehicle that was repossessed and sold.  ECF No. 5 ¶ 6.

14         In April 2004, plaintiff filed in the bankruptcy court a motion to avoid a lien on personal

15 property in regards to the repossessed vehicle.  ECF No. 5 ¶ 7; RJN Ex. E.  Plaintiff alleges that at

16 the hearing on that motion, the bankruptcy court "stated that [Wells Fargo] chose to sell the

17 vehicle for a lesser amount than the contract and that Plaintiff did not owe [Wells Fargo] the

18 demanded $7,000.00."  ECF No. 5 ¶ 7.  However, a review of the bankruptcy court's docket

19

20         [3]  Mr.  Quinn appeared telephonically.

21         [4]  Wells Fargo's request for judicial notice of documents filed in the United States
22 Bankruptcy Court of the Central District of California is granted.  ECF No. 13, Exs. A-C, E-T;
   *see* Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (stating
23 that a court may take judicial notice of court records in another case).  However, its request for
   judicial notice of the contract for the purchase of a vehicle financed through Wells Fargo is
24 denied.  ECF No. 13, Ex. D.  The contract is not part of the complaint and may be subject to
   reasonable dispute and therefore is not properly subject to judicial notice.  *See* Fed. R. Evid.
25 201(b).  Accordingly, the court declines to take judicial notice of the contract.  Further, the court
   declines to delay further consideration of this motion by converting it to a motion under Rule 56.
26 **Error! Main Document Only.**Rosales v. United States*, 824 F.2d 799, 802 (9th Cir 1987) (If
   matters external to the pleadings are presented to the court and not excluded, a Rule 12(b)(6)
27 motion for failure to state a claim must be treated as a motion for summary judgment).  Therefore,
   the document will not be considered on this Rule 12(b)(6) motion.

28

2

1   reveals that plaintiff's bankruptcy case was closed on February 1, 2007, with the bankruptcy court

2   never ruling on plaintiff's motion to avoid a lien.  RJN Ex. F.

3          Plaintiff asserts that in May 2008, during an interview for employment, she learned that

4   there was a debt for $7,000 that appeared on her credit report.  ECF No. 5 ¶ 14.  She subsequently

5   contacted Equifax and requested an investigation be opened into the open account.  *Id*. ¶ 15.  She

6   was later informed that Wells Fargo was the holding bank for the open account and that it was

7   standing by its decision to report the debt.  *Id*.

8          Based on the reporting of this debt, plaintiff alleges claims for negligent and willful

9   noncompliance with the Fair Credit Reporting Act ("FCRA").  Plaintiff also purports to allege

10  claims for violation of California Civil Code section 2983.8(b) and her rights secured under the

11  Fourteenth Amendment to the United States Constitution.

12         Wells Fargo and Equifax now move to dismiss the complaint pursuant to Rule 12(b)(6).

13  ECF Nos. 12, 17.  Wells Fargo argues that: (1) plaintiff's FCRA and Fourteenth Amendment

14  claims are barred by the doctrine of collateral estoppel, and (2) the complaint failed to sufficiently

15  allege a claim for violation of the FCRA.[5]  ECF No. 12 at 9-13.  Equifax argues that plaintiff's

16  complaint must be dismissed because: (1) plaintiff's FCRA claim is time barred; and (2) that the

17  complaint fails to sufficiently allege claims for violation of the Fourteenth Amendment and

18  California Civil Code section 2983.8(b).[6]  ECF No. 17 at 5-7.

19         In response to those motions, plaintiff moved for default judgment against both

20  defendants.  ECF Nos. 19, 20.

21  /////

22  II.     Motions to Dismiss

23  _____

24         [5]  Wells Fargo does not seek dismissal of plaintiff's claim for violation of California Civil
    Code section 2983.8(b).

25         [6]  Both defendants also argue that to the extent the complaint alleges a claim for violation
26  of section 524 of the Bankruptcy Code, such a claim fails as a matter of law and must therefore be
    dismissed.  Although the complaint contains no such claim, if it did it would necessarily fail as
27  there is no private right of action under section 524.  *See Walls v. Wells Fargo Bank*, 276 F.3d
    502, 507-510 (9th Cir. 2002) (holding "that a private cause of action is not available under section
28  524").

3

1    A.    Rule 12(b)(6) Standards

2        To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

3    must contain more than a "formulaic recitation of the elements of a cause of action"; it must

4    contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

5    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

6    . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

7    action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235

8    236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

9    'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

10   (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

11   factual content that allows the court to draw the reasonable inference that the defendant is liable

12   for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable

13   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

14   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

15       In considering a motion to dismiss, the court must accept as true the allegations of the

16   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

17   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

18   the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

19       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

20   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its

21   defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

22   dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

23   809 F.2d 1446, 1448 (9th Cir. 1987).  However, although the court must construe the pleadings of

24   a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal

25   interpretation may not supply essential elements of a claim that are not plead.  *Pena v. Gardner*,

26   976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

27   (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the

28   form of factual allegations if those conclusions cannot reasonably be drawn from the facts

4

1  alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need

2  the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council*

3  *v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

4        In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by

5  exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.

6  1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr.*

7  *Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings,

8  orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279,

9  1282 (9th Cir. 1986).

10      B.    Discussion

11          1.    Wells Fargo's Motion to Dismiss

12        Wells Fargo moves to dismiss plaintiff's claims for violation of the FCRA and Fourteenth

13  Amendment, arguing that these claims are barred by the doctrine of collateral estoppel.  ECF No.

14  12 at 9-12.  Wells Fargo further argues that plaintiff has failed to allege sufficient facts to state a

15  claim under the FCRA.  *Id*. at 12-13.

16                  a.    Collateral Estoppel

17        The doctrine of collateral estoppel bars litigation of issues previously adjudicated between

18  the same parties.  *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  "Under

19  collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that

20  decision may preclude relitigation of the issue in a suit on a different cause of action involving a

21  party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Collateral estoppel applies

22  only where "(1) the issue necessarily decided at the previous proceeding is identical to the one

23  which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the

24  merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with

25  a party at the first proceeding."  *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885(9th Cir.

26  2000).  "The party asserting preclusion bears the burden of showing with clarity and certainty

27  /////

28

1    what was determined by the prior judgment." *Id.*  The normal rules of collateral estoppel apply to

2    decisions of bankruptcy courts.  *Katchen v. Landy*, 382 U.S. 323, 334 (1966).

3          Here, plaintiff's FCRA and Fourteenth Amendment claims are predicated on her

4    contention that Wells Fargo reported to Equifax a $7,000 debt that the bankruptcy court had

5    previously determined she no longer owed.  ECF No. 5 at 2-4.  Wells Fargo argues that the issue

6    of whether it violated the FCRA by reporting the debt as delinquent post-bankruptcy discharge

7    has already been litigated and is therefore barred by the doctrine of collateral estoppel.  ECF No.

8    12 at 9.

9          On June 30, 2009, more than two years after plaintiff's bankruptcy case was closed,

10   plaintiff filed a motion to reopen her bankruptcy case, arguing that debts which were discharged

11   in 2002 had been reported on her credit report.  RJN Ex. H.  The bankruptcy court reopened her

12   case, RJN Ex. I., and plaintiff subsequently filed an adversary complaint, naming Wachovia Bank

13   (which was acquired by Wells Fargo) and Equifax as defendants.  RJN Ex. J.  Plaintiff alleged in

14   her adversary complaint that the bankruptcy court had previously held that she did not owe the

15   $7,000 debt because Wells Fargo chose to sell the vehicle for less than the contracted amount.  *Id.*

16   at 6.  She further alleges that despite this finding, the debt was wrongfully reported on her credit

17   report in 2008.  Plaintiff alleged that "at the end of the first investigation Respondent Wachovia

18   stated Movant owed the money and refused to remove the item from record." *Id.*  Plaintiff

19   asserted a claim for libel based on the reporting of the debt, which she characterized as a

20   "canceled debt." *Id.*

21         Wells Fargo filed a motion to dismiss the adversary complaint, arguing that plaintiff's

22   libel claim, which was predicated on misreporting the debt, was preempted by the FCRA and that

23   plaintiff had failed to allege sufficient facts to support a claim for violation of the FCRA.  RJN

24   Ex. K.  The bankruptcy court granted Wells Fargo's motion and dismissed the adversary

25   complaint with leave to amend.  RJN Ex. L.  The order provided that if plaintiff failed to file an

26   amended complaint by February 19, 2010, the matter would be dismissed with prejudice.  *Id.*

27   Plaintiff failed to timely file an amended complaint, and on July 30, 2010, the adversary action

28   was closed.  RJN Ex. M.

6

1   Wells Fargo contends that the first element for collateral estoppel is satisfied because

2   plaintiff previously "asserted that Wells Fargo violated FCRA in reporting this debt."  ECF No.

3   12 at 10.  There can be no dispute that the issues raised in this action are nearly identical to the

4   issues raised in the bankruptcy proceedings.  However, the first element for collateral estoppel

5   requires more than a showing that the instant action concerns an issue identical to an issue raised

6   in a prior action.  Wells Fargo must show that "the issue *necessarily decided* at the previous

7   proceeding is identical to the one which is sought to be relitigated" in this action.  *Hydranautics*,

8   204 F.3d at 885.

9   Wells Fargo appears to contend that the bankruptcy court already decided that it did not

10  violate the FCRA by reporting the debt to Equifax.  *See* ECF No. 12 at 10.  However, this

11  contention is not supported by the record currently before the court.  Wells Fargo argued to the

12  Bankruptcy Court that plaintiff's adversary complaint failed to allege facts sufficient to state a

13  claim under the FCRA.  RJN Ex. K.  Specifically, Wells Fargo argued that as a furnisher of credit

14  information, it could only be held liable under the FCRA if it failed to conduct a reasonable

15  investigation into any disputed information or correct inaccurate information after receiving

16  notice of a disputed report from the credit reporting agency.  *Id*. at 13-16.  Wells Fargo argued

17  that since there were no allegations that Equifax notified it of a dispute or that it failed to provide

18  a reasonable investigation, plaintiff failed to state a claim for violation of the FCRA.  *Id*. at 15-16.

19  The bankruptcy court granted Wells Fargo's motion to dismiss, finding that plaintiff had

20  failed to state a claim upon which relief could be granted.  RJN Ex. L.  The bankruptcy court's

21  order, however, provides no indication that the court *necessarily decided* that Wells Fargo did not

22  violate the FCRA by reporting the debt to Equifax.  The bankruptcy court issued a summary order

23  granting Wells Fargo's motion, which merely stated that the complaint was dismissed for failure

24  to state a claim "for the reasons stated on the record."  Wells Fargo has not submitted a transcript

25  of the hearing held before the bankruptcy court, and there is nothing before this court to enable it

26  to discern the precise basis for the bankruptcy court's ruling.  Accordingly, the record only

27  establishes that plaintiff's adversary complaint failed to allege a claim for violation of the FCRA.

28  /////

1    The record presented here does not demonstrate that the bankruptcy court actually found that

2    Wells Fargo did not violate the FCRA by reporting plaintiff's debt to Equifax.

3        A similar problem prevents application of collateral estoppel as to plaintiff's Fourteenth

4    Amendment claim.  At no time did the bankruptcy court decide that Wells Fargo did not violate

5    plaintiff's rights under the Fourteenth Amendment.  Indeed, plaintiff's adversary complaint did

6    not even allege a violation of the Fourteenth Amendment, and therefore the issue was not before

7    the bankruptcy court.  RJN Ex. K.

8        As Wells Fargo has failed to demonstrate that issues necessarily decided by the

9    bankruptcy court are identical to the issues plaintiff seeks to relitigate in this court, application of

10   the doctrine of collateral estoppel is not appropriate.

11                b.    Sufficiency of Allegations

12       Wells Fargo also argues that plaintiff's complaint fails to allege sufficient facts to state a

13   claim under the FCRA.  Wells Fargo contends that because it is a furnisher of credit information

14   plaintiff's FCRA claim can only be predicated on a violation of 15 U.S.C. § 1681s-2(b).  It notes

15   that the complaint is devoid of allegations supporting such a violation.  ECF No. 12 at 12-13.

16       15 U.S.C. § 1681s-2, which sets forth the "[r]esponsibilities of furnishers of information

17   to consumer reporting agencies," provides two categories of obligations.  Subsection (a) sets forth

18   a furnisher's obligation to provide accurate information to consumer reporting agencies ("CRA").

19   15 U.S.C. § 1681s-2(a).  Included among the specific duties is the duty to not "furnish any

20   information related to a consumer to any consumer reporting agency if the person knows or has

21   reasonable cause to believe that the information is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A).

22       Section 1681s-2(b) imposes on "furnishers" other obligations that are triggered only

23   "when a person who furnished information to a CRA receives notice from the CRA that the

24   consumer disputes the information."  *Gorman v. Wolpoff & Abramson, LLP*, 587 F.3d 1147, 1154

25   (9th Cir. 2009).  After receiving a notice of dispute from the CRA, the furnisher is required to

26   conduct an investigation regarding the disputed information and report its results to the CRA.  15

27   U.S.C. §1681s-2(b)(1)(A)-(C).  "These duties arise only after the furnisher receives notice of

28   /////

                                                8

1   dispute from a CRA; notice of a dispute received directly from the consumer does not trigger

2   furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

3       In support of her FCRA claim, plaintiff alleges only that Wells Fargo "knowingly

4   furnished False information to Credit Reporting Agency . . . ." ECF No. 5 at 4. While it appears

5   that she is attempting to allege a claim for violation of § 1681s-2(a)(1)(A), as argued by Wells

6   Fargo, there is no private right of action against a furnisher under subsection (a) of § 1681s-2.

7   *Nelson v. Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

8   Rather, the FCRA limits a private right of action for willful or negligent noncompliance of its

9   requirements to claims arising under subsection (b). *Gorman*, 584 F.3d at 1154; *see also*

10  *Gustafson v. Experian Info. Solutions, Inc.*, 2014 WL 2115210, at * 2 (C.D. Cal. May 21, 2014)

11  ("FCRA expressly limits a private action against a furnisher to only damages arising out of a

12  furnisher's failure to comply with the investigation requirements triggered upon a credit-

13  reporting-agency dispute notice. That is, a consumer has no ability to bring suit against a

14  furnisher for failure to conduct a reasonable investigation when the consumer disputes the

15  information directly with the furnisher. Enforcement of, among others, § 1681s-2(a) is left to

16  federal and state agencies and officials.") (internal citations omitted).

17      Thus, plaintiff can only proceed on a claim against Wells Fargo for violation of the

18  responsibilities imposed by section 1681s-2(b). As already noted, those responsibilities are

19  triggered only after the furnisher receives notice of a dispute from the CRA. Here, the complaint

20  does not allege that Wells Fargo received notice of a dispute from Equifax, nor does it identify

21  any specific requirement imposed by subsection (b) that Wells Fargo allegedly violated.

22      Accordingly, plaintiff fails to state a claim for violation of the FCRA against Wells Fargo

23  and this claim must be dismissed. However, the dismissal should be with leave to amend.[7]

24

25      [7] After the hearing on its motion to dismiss, Wells Fargo filed an answer and a motion for

26  judgment on the pleadings, ECF Nos. 37, 38, arguing that the FCRA claim is barred by the statute
    of limitations. In light of the recommendation that plaintiff be given leave to file an amended

27  complaint, Wells Fargo's motion for judgment on the pleadings is premature. Accordingly, that
    motion is denied without prejudice. Should plaintiff fail to file an amended complaint, Wells

28  Fargo may renew the motion as to the remaining claims.

1    *Lopez*, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to amend to

2    correct any deficiency in their complaints).

3                     2.        Equifax's Motion to Dismiss

4                          a.        FCRA Claim

5          Equifax argues that plaintiff's claims under the FRCA are untimely.  ECF No. 17 at 5-6.

6    Where it is apparent on the face of the complaint that the action is barred by the statute of

7    limitations, the action may be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

8    *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980).  Such a motion "can be granted

9    only if the assertions of the complaint, read with the required liberality, would not permit the

10   plaintiff to prove that the statute was tolled."  *Id.*

11         Claims alleging violations of the FCRA must be brought no "later than the earlier of: (1) 2

12   years after the date of discovery by the plaintiff of the violation that is the basis for such liability;

13   or (2) 5 years after the date on which the violation that is the basis for such liability occurs.  15

14   U.S.C. § 1681p.  Plaintiff failed to meet either deadline.

15         Here, plaintiff's first amended complaint alleges that in 2008, while interviewing for

16   employment, she learned that the $7,000 debt had been reported on her credit report.  ECF No. 5

17   ¶ 14.  She alleges that she contacted Equifax in June 2008 and requested that it investigate the

18   report.  *Id.* ¶ 15.  She also alleges that in August 2008, Equifax refused "to take the item off my

19   report even after I sent copies of the Discharge."  *Id.* ¶ 16.

20         Thus, plaintiff discovered the facts forming the basis for her FCRA claim by June 2008.

21   Plaintiff, however, waited nearly six years, until April 2014, to initiate this action.  Thus, even

22   under the five year statutory period, plaintiff's claims are untimely.  Accordingly, plaintiff's

23   FCRA claim against Equifax must be dismissed without leave to amend.  *See Noll v. Carlson*,

24   809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to

25   amend, leave to amend should not be granted where it appears amendment would be futile).

26                          b.        Fourteenth Amendment

27         Equifax also moves to dismiss plaintiff's claim for violation of the Fourteenth

28   Amendment, arguing that plaintiff fails to allege any facts demonstrating that it is a state actor.

1    To state a claim for violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must

2    allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was

3    committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

4    (1988).  "'Section 1983 excludes from its reach merely private conduct, no matter how

5    discriminatory or wrong.'"  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th

6    Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Apao v.*

7    *Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) (Fourteenth Amendment "shields citizens

8    from unlawful governmental action, but does not affect conduct by private entities.")

9        Here, the complaint only alleges conduct by private entities and does not allege that

10   Equifax is a state actor.  Accordingly, plaintiff's Fourteenth Amendment claim against Equifax

11   must be dismissed without leave to amend.  *See Noll*, 809 F.2d at 1448.

                    c.       California Civil Code § 2983.8

13       Plaintiff also alleges that defendants negligently failed to comply with California Civil

14   Code section 2983.8 by not obtaining a deficiency judgment for the $7,000 debt.  ECF No. 5 at 4.

15   Defendant Equifax moves to dismiss this claim, arguing that plaintiff fails to allege facts

16   sufficient to establish a violation of section 2983.8.

17       Section 2983.8 is titled "Deficiency judgment on conditional sale contract for mobilehome

18   or motor vehicle."  Section 2983.8 provides that "no deficiency judgment shall lie . . . After any

19   sale or other disposition of a motor vehicle unless the court has determined that the sale or other

20   disposition was in conformity with the provisions of this chapter . . . ."  Cal. Civ. Code

21   § 2983.8(b).

22       As argued by Equifax, the complaint does not allege facts demonstrating that this section

23   is applicable to Equifax.  Section 2983.8 states the requirements for obtaining default judgment

24   after the sale of a motor vehicle.  But plaintiff does not allege that Equifax repossessed and sold

25   her car or attempted to obtain a deficiency judgment.  Plaintiff only alleges that Equifax reported

26   a debt that she no longer owed.  Accordingly, plaintiff fails to state a claim against Equifax under

27   section 2983.2.  Further, it is clear from the allegations of her complaint that her dispute with

28   Equifax is simply the reporting of the debts not any conduct by Equifax that invokes section

                                    11

1    2983.2.  Accordingly, this claim should be dismissed without leave to amend.  *See Noll*, 809 F.2d

2    at 1448.

3    III.    Motions for Default Judgment

4           After defendants moved to dismiss the amended complaint, plaintiff moved for default

5    judgment against both defendants.  ECF Nos. 19, 20.  The motion is meritless.  Federal Rule of

6    Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative

7    relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

8    otherwise, the clerk must enter the party's default."  Here, defendants timely moved to dismiss

9    plaintiff's first amended complaint and neither is in default.  *See* ECF Nos. 11, 12, 17.

10   Accordingly, plaintiff's motion for default judgment must be denied.

11   IV.    Conclusion

12          For the reasons stated above, it is hereby RECOMMENDED that:

13          1.      Equifax's motion to dismiss (ECF No. 17) be granted and all claims against

14   Equifax be dismissed without leave to amend.

15          2.      Wells Fargo's motion to dismiss (ECF No. 12) be granted in part and denied in

16   part as follows:

17                  a.  Wells Fargo's motion to dismiss plaintiff's Fourteenth Amendment against it be

18   denied; and

19                  b.  Wells Fargo's motion to dismiss plaintiff's FCRA claim against it be granted

20   and the claim dismissed with leave to amend.

21          3.      Plaintiff be granted thirty days from the date of service of any order adopting these

22   findings and recommendations to file an amended complaint.  The amended complaint must bear

23   the docket number assigned to this case and must be labeled "Second Amended Compliant."

24   Should plaintiff fail to file a second amended complaint, this matter will proceed on plaintiff's

25   Fourteenth Amendment and California Civil Code § 2983.8 claims against Wells Fargo.

26          4.      Plaintiff's motions for default judgment (ECF Nos. 19, 20) be denied.

27   /////

28   /////

12

1        5.    Wells Fargo's motion for judgment on the pleadings pursuant to Rule 12(c) (ECF

2    No. 38) be denied as premature.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   DATED:  September 14, 2016.

11

12   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28