1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MAURICE R. NASH,                              No. 2:14-cv-850-MCE-EFB PS

11                  Plaintiff,

12         v.                                      FINDINGS AND RECOMENDATIONS

13   WELLS FARGO BANK, and EQUIFAX
     INFORMATION SYSTEM LLC., and
14   DOES 1-20, inclusive,

15                  Defendants.

16

17         This case is before the court on defendant Wells Fargo Bank, N.A. ("Wells Fargo")

18   motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule")

19   12(b)(6) (ECF No. 50), which is construed as a motion to dismiss for failure to state a claim

20   pursuant to Rule 12(b)(6),[1] and plaintiff Maurice R. Nash's motions for issuance of subpoenas

21   (ECF Nos. 54, 55, 61, 62).[2]  For the following reasons, Wells Fargo's motion should be granted

22

23         [1] Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay
     trial—a party may move for judgment on the pleadings."  A motion under Rule 12(c) is
24   "functionally identical" to a motion to dismiss pursuant to Rule 12(b)(6).  *Dworkin v. Hustler
     Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  The motion for judgment on the pleadings
25   was filed prior to the close of pleadings, and Wells Fargo could the same arguments in a Rule
     12(b)(6) motion.  Given that the motions are functionally identical, Wells Fargo's motion is
26   construed as a motion pursuant to Rule 12(b)(6).

27         [2] This case, in which plaintiff is proceeding *in propria persona*, was referred to the
28   assigned magistrate judge pursuant to Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                   1

and plaintiff's motions should be denied as moot.[3]

I.    Background

The case proceeds on plaintiff's second amended complaint, which asserts claims against defendant Wells Fargo.[4]  ECF No. 49 at 1.  This dispute centers on a vehicle loan on which plaintiff defaulted.  The vehicle was repossessed and sold for a deficiency and Wells Fargo pursued plaintiff for the remaining balance.  Second Am. Compl. (ECF No. 49) at 1.  Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court for the Central District of California, which resulted in a discharge in 2002.  Wells Fargo's Req. Judicial Notice ("Def.'s RJN") Exs. A-C.[5]  In April 2004, he filed in that court a motion to avoid a lien on personal property in regards to the repossessed vehicle.  Def.'s RJN Ex. E.  However, a review of the bankruptcy court's docket reveals that plaintiff's bankruptcy case was closed on February 1, 2007, with the bankruptcy court never ruling on plaintiff's motion to avoid a lien.  Def.'s RJN Ex. F.

Plaintiff asserts that in May 2008, during an interview for employment, she learned that there was a debt for $7,000 that appeared on her credit report.  ECF No. 49 at 1.  She subsequently contacted the credit reporting agency and requested an investigation be opened into the open account.  *Id*. at 2.  From the investigation she learned that Wells Fargo was the holding bank for the open account and that it was standing by its decision to report the debt.  *Id*. at 2-3.

Based on the reporting of this debt, plaintiff alleges a claim for violation of the Fair Credit Reporting Act ("FCRA").  *Id*. at 2.  She also purports to allege claims for violation of her rights

---

[3]  The court determined that oral argument would not materially assist in the resolution of the motions, and the matters were ordered submitted on the briefs.  *See* E.D. Cal. L.R. 230(g).

[4]  The court previously granted Equifax's Rule 12(b)(6) motion to dismiss plaintiff's first amended complaint and dismissed all claims against that defendant with prejudice.  ECF No. 44, 45.

[5]  The court previously granted Wells Fargo's request for judicial notice of documents filed in the United States Bankruptcy Court of the Central District of California.  ECF No. 44 at 2 n.4; *see* ECF No. 13, Exs. A-C, E-T; Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (stating that a court may take judicial notice of court records in another case).

2

secured by the Fourteenth Amendment to the United States Constitution and a state law claim for violation of California Civil Code section 2983.8(b). *Id*. at 2-4.

Wells Fargo moves to dismiss, arguing that plaintiff's FCRA claim is time barred, and that she fails to sufficiently allege a Fourteenth Amendment claim under 42 U.S.C. § 1983 and a claim under California Civil Code section 2983.8(b). ECF No. 50 at 11. Plaintiff filed an opposition to the motion (ECF No. 60), as well as four motions requesting the court subpoena documents from former defendant Equifax Information System LLC and the United States Marshals Service for the Central District of California (ECF Nos. 54, 55, 61, 62).

## II.  Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235 236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its

3

1  defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

2  dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

3  809 F.2d 1446, 1448 (9th Cir. 1987).  However, although the court must construe the pleadings of

4  a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal

5  interpretation may not supply essential elements of a claim that are not plead.  *Pena v. Gardner*,

6  976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

7  (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the

8  form of factual allegations if those conclusions cannot reasonably be drawn from the facts

9  alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need

10 the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council*

11 *v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

12     In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by

13 exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.

14 1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr.*

15 *Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings,

16 orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279,

17 1282 (9th Cir. 1986).

18 III.   Discussion

19     A.     FCRA Claim

20     Plaintiff first alleges that Wells Fargo negligently and willfully violated the FCRA by

21 refusing "to remove the debt of $7000 from [her] credit report."  ECF No. 49 at 2.

22     As was previously explained to plaintiff, where it is apparent on the face of the complaint

23 that the action is barred by the statute of limitations, the action may be dismissed pursuant to

24 Federal Rules of Civil Procedure 12(b)(6).  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

25 Cir. 1980).  Such a motion "can be granted only if the assertions of the complaint, read with the

26 required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Id.*

27     Claims alleging violations of the FCRA must be brought no "later than the earlier of: (1) 2

28 years after the date of discovery by the plaintiff of the violation that is the basis for such liability;

4

or (2) 5 years after the date on which the violation that is the basis for such liability occurs. 15 U.S.C. § 1681p.

Here, plaintiff failed to meet either deadline. Her second amended complaint alleges that in 2008, while interviewing for employment, she learned that the $7,000 debt had been reported on her credit report. ECF No. 49 at 1. She alleges that in June 2008 she requested the credit reporting agency (former defendant Equifax) investigate the report. *Id*. at 2. The investigation revealed that Wells Fargo held the account.

Thus, plaintiff discovered the facts forming the basis for her FCRA claim by June 2008. Plaintiff, however, waited nearly six years, until April 2014, to initiate this action. Thus, even under the five year statutory period, plaintiff's claims are untimely. Accordingly, plaintiff's FCRA claim against Wells Fargo must be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

B.     Fourteenth Amendment

Wells Fargo argues that plaintiff has failed to allege a violation of the Fourteenth Amendment under 42 U.S.C § 1983 because she does not allege any facts demonstrating that the bank is a state actor. ECF No. 50 at 11.

To state a claim for violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "'Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) (Fourteenth Amendment "shields citizens from unlawful governmental action, but does not affect conduct by private entities.")

/////

/////

The operative complaint only alleges conduct by private entities and does not allege any conduct by a state actor.  Accordingly, plaintiff's Fourteenth Amendment claim must be dismissed without leave to amend.  *See Noll*, 809 F.2d at 1448.

C.      California Civil Code § 2983.8

Plaintiff also alleges that Wells Fargo willfully and negligently failed to comply with California Civil Code section 2983.8 by not properly obtaining a deficiency judgment for the $7,000 debt.  ECF No. 49 at 2-3.  Wells Fargo counters that plaintiff has failed to sufficiently allege facts demonstrating that it failed to comply with the requirements for obtaining a deficiency judgment under California law.

As plaintiff has failed to state a federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claim.  *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A .G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U .S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Because all of plaintiff's federal claims must be dismissed, and the remaining state law claim only concerns the validity of a $7,000 debt—far below 28 U.S.C. § 1332's matter in controversy requirement[6]—the court should decline to exercise supplemental jurisdiction over his

---

[6] To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). Regardless of whether there is a diversity of citizenship between the parties, diversity jurisdiction

6

state law breach of fiduciary duty claim.[7]

IV.    Conclusion

Accordingly, it is hereby RECOMMENDED that:

1.  Wells Fargo's motion for judgment on the pleadings, construed as a motion to dismiss pursuant to Rule 12(b)(6), (ECF No. 50) be granted;

2.  Plaintiff's second amended complaint be dismissed without leave to amend;

3.  Plaintiff's motions for issuance of subpoenas (ECF No. 54, 55, 61, 62) be denied as moot; and

4.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 17, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

is lacking because the case in controversy does not exceed $75,000.

[7]  As all of plaintiff's claims must be dismissed without leave to amend, it is recommended that her motions for the issuance of subpoenas be denied as moot.